IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CRIMINAL NO. 1:26-mj-00472-CJC |
| | * |
| FORTUNATO CUATLATL-CUAUTLE | * |
| aka FORTUNADO CUATLATL- | * |
| FLORES | * |
| | * |

*******

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Blair L. Hall, being duly sworn, deposes and states the following:

1. I am a Deportation Officer with United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since June 23, 2019. I am authorized by law to interrogate, arrest, search, and seize aliens who are unlawfully present in the United States pursuant to Title 8, United States Code, Section 1357. Throughout my career, I have been involved in the investigation of numerous cases involving the illegal reentry of aliens into the United States.

2. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the ICE investigative file, including the defendant's criminal history record; and from reports of other enforcement officers involved in the investigation.

3. Because I have submitted this affidavit for the limited purpose of establishing probable cause, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause.

4. This affidavit is submitted in support of a criminal complaint and arrest warrant for **FORTUNATO CUATLATL-CUAUTLE ("CUATLATL")**, charging him with reentry after removal in violation of 8 U.S.C. § 1326(a) & (b)(2).

## PROBABLE CAUSE

5. The defendant **CUATLATL** is a citizen and national of Mexico, and not a native, citizen or national of the United States.

6. At an unknown date and time before February 2026, **CUATLATL** entered the United States at an unknown location without inspection by an immigration officer. **CUATLATL's** immigration history is detailed below.

7. On January 11, 2005, the Indianapolis State Police charged **CUATLATL** with operating a vehicle while intoxicated, endangering a person, a misdemeanor in violation of Indiana Statute (9-30-5-2(b). On February 7, 2005, **CUATLATL** appeared before the Marion Superior Court of Indianapolis, Indiana, and was convicted of operating a vehicle while intoxicated. A sentence of 365 days of incarceration with 353 days suspended was imposed.

8. On June 15, 2009, the Bloomington Police Department in Hennepin County, Minnesota, charged **CUATLATL** with criminal sexual conduct in the third degree-victim 13-15 and kidnapping, a felony in violation of Minnesota Statute 609.344 1(b) and 609.25 1(2), (2)(2). On July 17, 2009, **CUATLATL** appeared before the Hennepin County District Court in Minneapolis, Minnesota, and was convicted of criminal sexual conduct in the third degree-victim 13-15. A sentence of 36 months, with a stay of execution for 5 years was imposed, meaning **CUATLATL** was placed on probation for 5 years instead of imprisonment. **CUATLATL** served 36 days in prison before being transferred to ICE ERO custody.

9.  On July 20, 2009, **CUATLATL** was taken into ICE custody at the Hennepin County Adult Detention Center and transported to the St. Paul, Minnesota, ICE ERO office for processing. **CUATLATL** was issued an Administrative Deportation Order under section 237(a)(2)(A)(iii) as an Aggravated Felon of the Immigration and Nationality Act.

10. On July 22, 2009, **CUATLATL** was removed from the United States via ICE Air from Laredo, Texas to Mexico.

11. At an unknown date and time before February 8, 2026, **CUATLATL** entered the United States at an unknown location without inspection by an immigration officer. On February 8, 2010, after learning that **CUATLATL** was in the Linn County Jail in Iowa due to an outstanding warrant from Minnesota, the Cedar Rapids, Iowa, ICE ERO office took custody of **CUATLATL**. **CUATLATL** was issued a Notice to Reinstate a Prior Order of Removal, Form I-871, in violation of 241(a)(5) of the Immigration and Nationality Act, and held for prosecution.

12. On February 8, 2010, **CUATLATL** was charged via criminal indictment with Unlawful Reentry of a Removed Alien Following a Conviction for an Aggravating Felony in violation of 8 USC § 1326(a) and (b)(2). *See United States v. Fortunado Cuatlatl Flores*, CR 10-11-1-LRR. On August 20, 2010, he appeared before the United States District Court for the Northern District of Iowa, where he pled guilty and was convicted of this offense. **CUATLATL** was sentenced to 46 months' imprisonment to the custody of the United States Bureau of Prisons.

13. On June 21, 2013, **CUATLATL** was removed from the United States for the second time via ICE Air from Harlingen, Texas to Mexico.

14. On February 20, 2026, at approximately 0855 hours, ICE ERO Fugitive Operations Officers in Salisbury, Maryland observed a vehicle departing 1016 East Church Street, Salisbury, Maryland. Officers identified the vehicle as a white Ford Explorer with a Maryland registration

Case 1:26-mj-00472-CJC   Document 1-1   Filed 02/26/26   Page 4 of 5

1:26-mj-00472-CJC

3GG7812. Officers performed checks on the registration and gathered articulable facts due to the driver's license having a 'Not for Federal Purposes" restriction supporting reasonable suspicion for an enforcement stop. While wearing clearly visible law enforcement markings, Deportation Officers conducted a vehicle stop at the intersection of Roland and Downing Street in Salisbury, Maryland. During a brief investigative interview with the driver, **CUATLATL** provided a Mexican voter identification card in the name **Fortunato CUATLATL-Cuautle** affirming his identity and admitted to being a citizen and national of Mexico who entered the United States without inspection or parole by an immigration officer and not at a designated port of entry. Based on this admission and confirmation of identity **CUATLATL** was placed under arrest. **CUATLATL** was transported to the Salisbury ICE ERO office for processing without incident. Once at the Salisbury ERO office **CUATLATL** was fingerprinted using the IDENT/IAFIS systems to confirm identity. The fingerprint systems returned a match for Alien# 094 072 243, **FORTUNADO CUATLATL-FLORES aka FORTUNATO CUATLATL-CUAUTLE**. **CUATLATL** was issued a Notice to Reinstate a Prior Order of Removal, Form I-871, in violation of 241(a)(5) of the Immigration and Nationality Act, and held for prosecution.

15. There is no record that, following the prior deportation, the defendant, **CUATLATL**, ever obtained permission to reenter the United States from the Secretary for Homeland Security, the United States Attorney General, or any other authorized official.

## CONCLUSION

16. 16. Accordingly, pursuant to the facts set forth above, I submit that probable cause exists for the issuance of a criminal complaint and warrant for the arrest of **FORTUNATO CUATLATL-CUAUTLE**, an alien who previously had been removed, knowingly entered and was found in the United States without having obtained the express consent of the Attorney

General of the United States or his successor, the Secretary for Homeland Security, to reapply for admission in the United States as required by law, in violation of 8 U.S.C. § 1326(a) & (b)(2).

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

BLAIR L HALL  Digitally signed by BLAIR L HALL
Date: 2026.02.24 12:46:54 -05'00'

Blair Hall
Deportation Officer
U.S. Immigration and Customs Enforcement

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) this __26th__ day of February 2026.

Honorable Chelsea J. Crawford
United States Magistrate Judge